IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE THE MANAGEMENT AND ASSIGNMENT OF PRO SE CASES | GENERAL ORDER NO. 2022-04 |

This general order provides for the management and assignment of cases filed by a plaintiff or petitioner without counsel. Accordingly,

IT IS ORDERED:

1.     This general order rescinds General Orders 2007-12, 2013-02, 2016-02, and 2020-01.

Definition of the Pro Se Docket

2.     The pro se docket consists of all civil cases in which no plaintiff or petitioner has counsel except as provided in paragraphs 3, 4, 5, and 6.

3.     The following types of cases are never included in the pro se docket: criminal; forfeiture; death penalty; bankruptcy; social security; those involving motions to return property pursuant to Federal Rule of Criminal Procedure 41; and those involving motions to vacate a federal sentence.

4.     In addition, a case is not included in the pro se docket if, at the time of case opening:

   a.  all plaintiffs or petitioners are non-prisoners;

   b.  the case filing fee was paid in full; and

   c.  the clerk's office issued summons or provided summons forms to the plaintiff or petitioner.

   The clerk's office will not assign a case to the pro se docket if all of these conditions are met at the time of case opening.

5.     Except for habeas corpus cases brought under 28 U.S.C. §§ 2241 and 2254,[1] the supervising pro se judge will enter a standard text-only order directing the clerk's office to

---

[1] For purposes of clarity, however, if a habeas corpus case brought under 28 U.S.C. §§ 2241 or 2254 is commenced by counsel for the petitioner, such case is not assigned to the pro se docket.

remove a case from the pro se docket when any plaintiff in the case retains counsel, counsel enters an appearance, or the court appoints counsel. A case may be restored to the pro se docket if counsel is given leave to withdraw and no plaintiff is represented by counsel.

6.      The supervising pro se judge will enter a standard text-only order directing the clerk's office to remove a case from the pro se docket when the court has entered an order directing service of process and no plaintiff in the case is incarcerated.

7.      In accordance with the definition of the pro se docket set forth in the preceding paragraphs, a case may involve pro se litigants, but not be a part of the court's pro se docket.

8.      "Pro Se Docket" is listed as the "Referral Judge" in CM/ECF whenever a case is assigned to the pro se docket.

<u>Responsibilities of the Pro Se and Death Penalty Law Clerks</u>

9.      The pro se law clerks' responsibilities are conterminous with the pro se docket, except as provided in paragraphs 10 and 11.

10.     The pro se law clerks are not responsible for cases that have been set for trial following the entry of a pretrial conference order. However, the pro se law clerks will address any non-trial related motions that may be pending at the time of the pretrial conference.

11.     The pro se law clerks are not responsible for evidentiary hearings that are conducted by a magistrate judge but will continue to handle all other matters in the case.

12.     The chambers of the individual judges may relieve the pro se law clerks of responsibility for a particular case, or for a particular matter within a case. Such decisions will be made on an ad hoc basis and will be made jointly by the assigned judge and the supervising pro se judge.

13.     When the district is allotted a death penalty law clerk position, the death penalty law clerk is responsible for death penalty cases to the extent authorized by the presiding judge assigned to the death penalty case. In addition, the death penalty law clerk assists the pro se law clerks, consistent with the intentions of the Judicial Resources Committee and the Judicial Conference when the pro se and death penalty formulae were approved.

<u>Management of Pro Se Cases</u>

14.     Judge Kopf and Judge Bataillon are the supervising pro se judges and are assigned the overall responsibility for management of cases assigned to the pro se docket.

15.     Magistrate Judge Zwart is the magistrate judge assigned to the pro se docket. Whenever a case is removed from the pro se docket, the clerk's office will assign a magistrate judge to the case in accordance with its established procedures for assigning magistrate judges in civil cases.

3

16.    A district judge assigned to a case included on the pro se docket retains decisional autonomy as to all aspects of the case except that the supervising pro se judges may enter orders consistent with their responsibilities as supervisors of the pro se docket.

17.    The chief judge delegates the day-to-day supervision of the pro se and death penalty law clerks to the supervising pro se judges.

<u>Scheduling, Progression, and Discovery in Pro Se Cases</u>

18.    Scheduling, progression, and discovery in pro se cases are governed by Nebraska Civil Rule 16.1.

<u>Assignment of Pro Se Cases</u>

19.    Unless ordered otherwise:

   a.   All cases filed on the pro se docket on or after June 1, 2022, are directly assigned to Judge Bataillon, and

   b.   All cases filed on the pro se docket before June 1, 2022, are assigned to Judge Kopf until the date of his retirement to inactive senior status, at which time they will be reassigned to Judge Bataillon.

DATED this 1st day of June, 2022.

                                        BY THE COURT:

                                        *s/Robert F. Rossiter, Jr.*
                                        Chief United States District Judge