IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ROBERT W. JOHNSON, | |
| Plaintiff, | 8:23CV386 |
| vs. | |
| DONALD J. TRUMP, FACEBOOK, META, RUDY GIULIANI, JOHN EASTMAN, MARK MEADOWS, KENNETH CHESEBRO, JEFFREY CLARK, JENNA ELLIS, RAY SMITHIII, ROBERT CHEELEY, CATHLEEN LATHAM, SCOTT HALL, STEPHEN LEE, HARRISON FLOYD, TREVIAN KUTTI, SIDNEY POWELL, MISTY HAMPTON, MICHAEL ROMAN, DAVID SHAFER, SHAWN STILL, VLDIMIR PUTIN, TWITTER, and META LLC, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1, filed on August 29, 2023. Also before the Court is Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2. Plaintiff, a non-prisoner proceeding pro se, has not been given leave to proceed in forma pauperis ("IFP). Although he appears to be financially eligible to proceed IFP, the Motion for Leave to Proceed in Forma Pauperis is considered deficient because the document is not signed. Plaintiff shall be ordered to correct the deficiency within 30 days of the date of this Memorandum and Order or the Motion may be stricken from the record of this case. See NECivR 11.1.

Even if the Motion for Leave to Proceed in Forma Pauperis was sufficient and the Court was to conduct an initial review of Plaintiff's claims to determine whether summary

dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's claims could not proceed.

## I.  SUMMARY OF COMPLAINT

Plaintiff asserts claims against several defendants including Donald Trump, Facebook, Twitter, Rudy Guliani, Vladimir Putin and others.  See Filing No. 1 at 1. Plaintiff's only asserted fact is that "[a]ll defendants committed identity theft, fraud, U.S. Constitutional violations, RICO acts and Due Process violations" against Plaintiff.  Filing No. 1 at 2.  Plaintiff does not provide any facts to support his claim, explain who the individual Defendants are, or describe what specifically they did to him.  Plaintiff seeks $100 million in punitive damages and 100 percent ownership of all Defendants' assets. Filing No. 1 at 2.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  See 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)).  Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be

dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS OF COMPLAINT

The court has carefully reviewed Plaintiff's Complaint. Plaintiff's allegations do not nudge any claim across the line from conceivable to plausible. Plaintiff does not set forth any specific actions taken by any Defendant that violate his constitutional rights or support a claim under any federal law. Even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous and nonsensical. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

Out of an abundance of caution and on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Defendants. Plaintiff should be mindful to explain

what each Defendant did to him, when the Defendant did it, how the Defendants' actions harmed him, and what specific legal right Plaintiff believes Defendants violated.

## V. CONCLUSION

Plaintiff does not allege sufficient facts to state a plausible claim. Thus, no claim is stated upon which relief may be granted. Consequently, Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915(e). However, the Court on its own motion will give Plaintiff an opportunity to allege sufficient facts to state an actionable claim for relief.

IT IS THEREFORE ORDERED:

1. The Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is considered deficient because the document is not signed. Plaintiff shall correct the deficiency (i.e. file a signed copy of his motion) within 30 days of the date of this Memorandum and Order or the Motion may be stricken from the record of this case.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In the amended complaint, Plaintiff must comply with federal pleading requirements. If Plaintiff seeks to assert claims for constitutional violations, he is encouraged to use the enclosed Form Pro Se 15 Complaint for Violation of Civil Rights (Non-Prisoner Complaint).

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure

      to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

5. The Clerk of the Court is directed to send to Plaintiff a copy of the Form Pro Se 15 Complaint for Violation of Civil Rights (Non-Prisoner Complaint).

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **October 10, 2023**—amended complaint due.

Dated this 6th day of September, 2023.

                                          BY THE COURT:

                                          Joseph F. Bataillon
                                          Senior United States District Judge